J-S47024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEWIS WRIGHT | |
| Appellant | No. 1714 EDA 2016 |

Appeal from the PCRA Order May 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0903461-2003

BEFORE: LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.: **FILED DECEMBER 15, 2017**

Lewis Wright appeals *pro se* from the May 4, 2016 order of the Philadelphia County Court of Common Pleas dismissing without a hearing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The trial court set forth the history of this case as follows:

> On August 16, 2005, [Wright] was found guilty after a jury trial, presided over by the Honorable Rose Marie DeFino-Nastasi, of Attempted Murder, 18 Pa.C.S. §§ 901, 2502, as a felony of the first degree; Aggravated Assault, 18 Pa.C.S. § 2702, as a felony of the first degree; Possession with the Intent to Deliver (PWID), 35 Pa.C.S. § 780-113(a)(30), an ungraded felony; Violation of the Uniform Firearms Act (VUFA), 18 Pa.C.S. § 6106, as a felony of the third degree; and Possession of an Instrument of Crime (PIC), 18 Pa.C.S. § 907, as a misdemeanor of the first degree.

On November 3, 2005, [Wright] was sentenced as follows: twenty to forty years for the attempted murder conviction; five to ten years for the PWID conviction; three-and-a-half to seven years for the VUFA § 6106 conviction; two-and-a-half to five years for the PIC conviction; all sentences to run concurrently.

On June 15, 2007, the Superior Court affirmed the judgment of sentence. 434 EDA 2006.

On May 29, 2008, the Supreme Court denied *allocatur*. 370 EAL 2007.

On December 15, 2008, [Wright] filed his first PCRA petition, which was formally dismissed on November 20, 2009. On March 28, 2011, the Superior Court affirmed. 134 EDA 2010. On November 1, 2011, the Supreme Court denied *allocatur*. 336 EAL 2011.

On May 4, 2011, [Wright] filed a second PCRA petition while the appeal of the denial of his first PCRA petition was still pending before the Supreme Court. This court dismissed that petition on September 8, 2011.

On January 8, 2015, [Wright] filed the instant PCRA petition, his third. He filed a supplemental PCRA petition on May 1, 2015, and a second, supplemental PCRA petition and "Motion for Leave to File an Amended PCRA Petition" on December 7, 2015.

In those PCRA petitions, [Wright] claims that he submitted a request to the Pennsylvania State Police in November 2014, seeking the criminal record for Commonwealth witness, Joseph Farley. After receiving this "after-discovered evidence," [Wright] then obtained copies of the criminal docket sheets for Farley's cases under docket numbers CP-51-CR-709201-1999 (35 [P.S.] § 780-113(a)(35), Possession with the Intent to Deliver), CP-51-CR-0807551-2001 (18 Pa.C.S. § 5121, Escape), CP-51-CR-707601-2005 (35 [P.S.] § 780-113(a)(30), PWID), and MC-51-CR-1016551-2002 (18 Pa.C.S. § 5902, Prostitution; 18 Pa.C.S. § 5902, Solicitation).

[Wright] argues that the docket sheets reveal that Farley was awaiting hearings for violations of probation under docket numbers CP-51-CR-709201-1999 and CP-51-CR-

0807551-2001 at the time that Farley testified against [Wright] at trial, and that Farley received favorable treatment from the Commonwealth in exchange for his testimony, which was not exposed to the jury. [Wright] claims that (1) Farley did not testify truthfully regarding his prior convictions or any benefits that he would receive in exchange for his testimony against [Wright]; (2) that trial counsel, Gerald Stein, Esq., was ineffective under **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) for failing to investigate Farley's complete criminal history and exposing this history to the jury; and that (3) the Assistant District Attorney violated **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d. 215 (1963) by concealing evidence of a deal between the Commonwealth and Farley and by knowingly using Farley's false testimony against [Wright].

On January 19, 2016, the Commonwealth filed a Motion to Dismiss.

On March 4, 2016, the court issued a [Pennsylvania Rule of Criminal Procedure] 907 notice. N.T. 03/04/16 at pp. 2-4.

On March 15, 2016, [Wright] filed a timely response to the 907 notice, claiming that the court failed to rule on his December 7, 2015 motion to amend his PCRA petition.

On May 4, 2016, the court indicated on the record that it had received [Wright]'s timely response to the 907 notice and that it had implicitly accepted [Wright]'s supplemental PCRA petitions by acknowledging those findings at the listing on March 4, 2016, and ruling on he claims raised therein. N.T. 05/04/16 at p. 2. The court formally dismissed [Wright]'s PCRA petition that same day.

On May 23, 2016, [Wright] filed the instant appeal to the Superior Court.

Trial Ct. Op., 10/5/16, at 1-3.[1]

_____

[1] The underlying facts of this case are set forth in our memorandum affirming Wright's judgment of sentence. **See Commonwealth v. Wright**, No. 434 EDA 2006, unpublished mem. at 1-3 (Pa.Super. filed June 15, 2007).

Wright raises the following issues on appeal:

[1.] Whether the PCRA court abused its discretion by failing to liberally construe Wright's pro se pleadings as required by the Supreme Court precedent of **Haines v. Kerner**[, 404 U.S. 519 (1972).]

[2.] Whether the PCRA court abused its discretion by failing to properly evaluate Wright's claims as required by the Supreme Court precedent of **Kyles v. Whitley**[, 514 U.S. 419 (1995).]

[3.] Whether the PCRA court abused its discretion by misconstruing, misinterpreting, or mischaracterizing either Wright's claims, the record or other evidence presented in support thereof[.]

[4.] Whether the PCRA court abused its discretion by denying Wright a hearing to resolve genuine issues of material fact insofar as it relates to the PCRA court's timeliness assessment and, if so, whether the PCRA court abused its discretion by denying Wright's request for court-appointed counsel and discovery of the prosecutor's files from both Wright and Farley's cases[.]

[5.] Whether the PCRA court abused its discretion by misapplying controlling federal principles to the facts in this case[.]

Wright's Br. at 4 (full capitalization omitted).

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

We must first determine whether Wright's PCRA petition is timely. A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).

- 4 -

A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

The trial court sentenced Wright on November 3, 2005, he appealed, and this Court affirmed his judgment of sentence on June 15, 2007. Wright petitioned for allowance of appeal, which the Pennsylvania Supreme Court denied on May 29, 2008. Wright did not file a petition for writ of *certiorari* with the United States Supreme Court and, therefore, his judgment of sentence became final on August 27, 2008.[2] He had one year from that date, or until August 27, 2009, to file a timely PCRA petition. His current petition, filed on January 8, 2015, is therefore facially untimely.

To overcome the time bar, Wright was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Wright must have filed his petition within 60 days of the date the claim could have been presented. **See** 42

---

[2] Wright had 90 days from the date the Pennsylvania Supreme Court denied his petition for allowance of appeal to file a petition for writ of *certiorari* with the United States Supreme Court. **See** U.S.S.Ct.R. 13.

- 5 -

Pa.C.S. § 9545(b)(2). Wright attempts to invoke the newly-discovered facts and governmental-interference exceptions to the PCRA time bar.

## I. Newly-Discovered Facts Exception[3]

The newly-discovered facts exception "requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015).

Wright claims that he requested Farley's criminal history in November 2014 and learned that Farley had been charged with a second drug trafficking offense and two violations of probation, which were not disclosed at the time Farley testified at Wright's trial. Wright further claims that he learned of "the possibility . . . [of] an undisclosed agreement, offer, or promise made by the District Attorney's Office, to act with leniency in Mr. Farley's open case." Amended PCRA Pet., 12/7/15, at ¶ 32.

The PCRA court found:

> Farley's open case and his probationary status were brought out by the Commonwealth on direct[-]examination and the defense on cross-examination. N.T. 08/10/05 at pp. 136-38, 144-48, 160-64, 185-89. Defense counsel attempted to

---

[3] Wright has labeled his claim "after-discovered facts." He appears to be confusing the newly-discovered fact exception to the time bar in section 9545(b)(1)(ii) with a claim of after-discovered-evidence under section 9543(a)(2). *See Commonwealth v. Burton*, 158 A.3d 618, 628-29 (Pa. 2017) (discussing the correct terminology to be used when referring to the newly discovered fact exception and the after-discovered-evidence claim).

impeach Farley with evidence of his arrest and convictions for prostitution and solicitation, and the court twice sustained the Assistant District Attorney's objection. *Id.* at pp. 186-88. Additionally, Farley testified that he had an open drug case and was in custody at the time of [Wright]'s trial, and that he was not receiving a benefit from the Commonwealth in exchange for his testimony. *Id.* at pp. 136-37, 163-64. . . . Farley's criminal extract and corresponding docket sheets merely restate the same facts [Wright] had known since the time of trial – that Farley had a lengthy criminal history; throughout the pendency of [Wright]'s proceedings, Farley was on probation; and that by the time of [Wright]'s trial, Farley was incarcerated on another open case.

[Wright] has failed to prove that the "facts" upon which he bases his claim could not have been ascertained earlier with due diligence because he was present for his trial and heard those facts as they were testified to by Farley.[4] Further evidence of [Wright]'s knowledge of Farley's open sentencings is the fact that he argued on direct appeal that Farley's identification of [Wright] as the shooter should be suppressed because Farley's "character and personal circumstances made it probable that he was motivated to give evidence in hopes of receiving consideration from the police."[5] Since [Wright] has failed to plead and prove both factors under § 9545(b)(1)(ii), the court is without jurisdiction to address the merits of this claim.

> [5] The PCRA requires that, in order for a petitioner to be eligible for relief, his claim cannot have been "previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). The PCRA mandates that an issue is waived if "the petitioner could have raised it but failed to do so . . . in a prior state post-conviction proceeding." 42 Pa.C.S. § 9544(b); *Com[monwealth] v. Roane*, 142 A.3d 79, 87-88 (Pa.Super. 2016). Therefore, [Wright]'s claims are also waived as

---

[4] Further, we note that Farley's criminal history would have been available to counsel prior to trial.

> he could have raised them in his first or second
> PCRA proceedings.

Trial Ct. Op., 10/5/16, at 12-13.  We agree.

Wright's claim of an undisclosed agreement also fails.  Wright relies on a letter by Farley, dated August 30, 2010, which states in relevant part:

> I was the DAs [sic] star witness in an attempted murder on a Phila correctional officer[.]  That [sic] why I was given IP instead of state time[.]  I put him a way [sic] for a long time[,] without me they had nothing[.]  Ive [sic] got proof of that two [sic].  All you have to do is ask for thes [sic] proof and I will give you names and every thing [sic].

Wright's Mem. of Law in Support of Amend. Pet. For Post Conviction Relief, 12/7/15, Ex. E (some capitalization omitted).

This letter, Wright believes, constitutes evidence of the existence of a deal.  We disagree.  The August 30, 2010 letter does not establish the existence of an agreement between the Commonwealth and Farley or that Farley offered perjured testimony in Wright's case.  Further, regardless of whether the letter constituted a new fact, Wright has failed to prove he was diligent in discovering it, particularly because in Wright's second PCRA petition, filed May 4, 2011, he alleged the existence of a deal.  Accordingly, Wright failed to prove he could not have learned of the letter earlier by the exercise of due diligence.[5]  ***See Brown***, 111 A.3d at 176 ("A petitioner must

_____

[5] Even if this letter constituted a new fact that Wright could not have discovered earlier through the exercise of due diligence, his underlying after-discovered-evidence claim fails.  To be successful in an after-discovered-

explain why he could not have learned the new fact(s) earlier with the exercise of due diligence.").

Therefore, Wright's attempt to invoke the newly-discovered facts exception to the PCRA time bar fails.

## II. Governmental-Interference Exception

To succeed in raising the governmental-interference exception to the PCRA time bar, a petitioner must "plead and prove that his 'failure to raise the claim [or claims] *previously* was the result of interference by government officials.'" ***Commonwealth v. Chester***, 895 A.2d 520, 523 (Pa. 2006) (emphasis in original) (quoting 42 Pa.C.S. §9545(b)(1)(i)).

Wright argues that the Commonwealth violated ***Brady v. Maryland***, 373 U.S. 83 (1963), by not disclosing: (1) the underlying facts in Farley's convictions for prostitution and solicitation; (2) that Farley was awaiting hearings for his violations of probation; or (3) the deal it made with Farley.

_____

evidence claim a petitioner must prove "[t]he evidence: (1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) would likely result in a different verdict." ***Commonwealth v. Castro***, 93 A.3d 818 (Pa. 2014). Even if the letter constituted evidence, Wright's claim would be unsuccessful because he would use this evidence solely to impeach Farley's credibility, and the verdict would not likely change.

Wright's claims do not merit relief. As previously noted, Wright knew at the time of his 2005 trial that Farley had a lengthy criminal history, including convictions for solicitation and prostitution.[6] *See* Trial Ct. Op., 10/5/16. Regarding the alleged deal between Farley and the Commonwealth, as we explained above, Wright failed to provide any evidence that there was in fact a deal for the Commonwealth to disclose. Wright's attempt to invoke the governmental-interference exception therefore also fails.

To the extent Wright attempts to raise claims of trial counsel ineffectiveness, these claims likewise merit no relief. "[I]t is well-settled that couching a petitioner's claims in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA." *See Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa.2016).

Accordingly, we conclude that the trial court did not err in dismissing as untimely Wright's third PCRA petition.

Order affirmed.

_____

[6] To the extent Wright claims he only recently learned of the facts underlying Farley's convictions, or that Farley was awaiting violation of probation hearings, Wright has not explained why he could not have discovered this information with the exercise of due diligence.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/17